**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Case No. 16-20031-03-CM** |
| **VICTOR VELAZQUEZ,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Defendant Victor Velazquez has entered a plea of guilty in this case but has not yet been sentenced. The sentencing hearing is set for May 7, 2019. After entering his plea, defendant filed a motion to dismiss for violation of his Sixth Amendment rights (Doc. 269). During the briefing of that motion, defendant also filed a motion to invite amicus (Doc. 286). Defendant asks the court to allow the Federal Public Defender (FPD) to enter an appearance to file a brief concerning the issue of appropriate relief should the court find that defendant's Sixth Amendment rights have been violated.

The issues presented in defendant's motion to dismiss are familiar in this District. Defendant claims that he is the victim of practices of the United States Attorney's Office and Correctional Corporation of America (CCA), whereby video and audio recordings of privileged attorney-client communications were made, obtained, and potentially reviewed. These allegations are being addressed in *United States v. Black, et al.*, 16-cr-20032-JAR.

In this case and others, defendants have filed motions to dismiss pending criminal cases based on the allegations raised in *Black*. Likewise, a number of convicted defendants have filed related § 2255 motions, either pro se or through the FPD's office. This court's practice to date has been to delay briefing on the § 2255 motions until the *Black* issues are resolved. Likewise, the court finds it proper

-1-

to refrain from making substantive rulings on the allegations in motions to dismiss based on *Black* issues. Evidence is not presently available for review, and this court does not wish to interfere with the ongoing *Black* litigation until after Judge Robinson has issued final rulings.

For these reasons, the court determines that defendant's motion to dismiss should be denied. This ruling does not mean that defendant will never be entitled to any relief based on his allegations. After judgment is entered in this case, defendant may again raise these allegations in a § 2255 motion. But in any event, the allegations do not merit dismissal of defendant's case at this time. And because the court declines to consider the merits of defendant's allegations, no supplemental amicus brief is necessary. The FPD may enter its appearance in this case post-judgment, pursuant to Standing Order 18-3.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Doc. 269) is denied.

**IT IS FURTHER ORDERED** that defendant's motion to invite amicus (Doc. 286) is denied as moot.

Dated this 22nd day of April, 2019, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**